IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                No. 98-40097-01-SAC

SHAWN STEWART,

        Defendant.

MEMORANDUM AND ORDER

This case is before the court on defendant's motion for relief by writ of error audita querala, (Dk. 91), and motion for appointment of counsel, (Dk. 92). Charged with six counts of violations of the Hobbs Act, 18 U.S.C. § 1951, and with six counts of violations of 18 U.S.C. § 924(c)(1), the defendant entered a plea of guilty to eight counts. In August of 1999, the defendant, Shawn E. Stewart, was sentenced to a primary term of incarceration of 378 months. The defendant directly appealed the district court's orders denying his motion to suppress and his motion to vacate and set aside his pleas of guilty. The Tenth Circuit affirmed the orders on appeal. *United States v. Stewart*, 215 F.3d 1338 (10th Cir. Jun. 2, 2000) (Table). The district court denied the defendant's subsequent motion for post-conviction relief under 28 U.S.C. § 2255, *United States v.*

*Stewart*, 2002 WL 1162419 (D. Kan. 2002), and denied him a certificate of appealability, *United States v. Stewart*, 2002 WL 31314730 (D. Kan. 2002). The Tenth Circuit likewise denied a certificate of appealability and dismissed the defendant's appeal. *United States v. Stewart*, 55 Fed. Appx. 892 (10th Cir.), *cert. denied*, 539 U.S. 921 (2003).

In 2005, the defendant filed a motion with the Tenth Circuit seeking authority to file a second or successive § 2255 motion. The Tenth Circuit denied authorization holding:

> The court has carefully reviewed the motion, and concludes that Mr. Stewart has failed to make the requisite showing to satisfy the AEDPA criteria in 28 U.S.C. §§ 2244(b)(2) and 2255. Contrary to Mr. Stewart's assertions, the United States Supreme Court has not expressly held that the rule announced in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005), *Blakely v. Washington*, 542 U.S. 296 (2004), or *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is to be applied retroactively for purposes of second or successive § 2255 motions. *See Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004) (*per curiam*); and *Browning v. United States*, 241 F.3d 1262, 1265 (2001) (*en banc*).

(Dk. 90, pp. 1-2). The defendant now has filed over four years later a motion for writ of audita querela seeking the same relief under *Booker, Blakely, Apprendi* that was denied him in 2005 when seeking to file a second § 2255 motion. (Dk. 91). The defendant argues these cases create new rights for which he has no other cognizable relief under any

2

post-conviction remedy. The defendant also moves the court for appointment of counsel to assist in pursuing relief under this writ. (Dk. 92).

"[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (citations and quotations omitted). That the movant "is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). A movant cannot evade the procedural restraints on successive § 2255 petitions "by simply styling a petition under a different name." *Torres*, 282 F.3d at 1246 (citations omitted). The defendant's motion for writ of audita querela does not attack the integrity of any § 2255 proceedings but merely revives the defendant's substantive constitutional challenges to his sentencing based on the holding in *Booker* and related decisions. These cases do not apply retroactively to final criminal judgments like the defendant's. *See United States v. Bellamy*, 411 F.3d 1182, 1184 (10th Cir. 2005). The relief sought by the defendant must be pursued under § 2255. *See United States v. McIntyre*, 313 Fed. Appx. 160, 162 (10th Cir. Feb. 23. 2009).

In its discretion, the court construes the defendant's present motion as a second or successive petition under 28 U.S.C. § 2255. The defendant may not file a successive § 2255 motion without first obtaining authorization from the Tenth Circuit. *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008). Authorization is reserved to successive motions that raise newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). With a successive § 2255 motion, "the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d at 1252. A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h). *See In re Cline*, 531 F.3d at 1252. Because the Tenth Circuit already denied the defendant authorization for these claims in 2005, the court concludes a transfer would not be in the interest of justice. The defendant's motion for appointment of counsel is denied.

IT IS THEREFORE ORDERED that the defendant's motion for writ of audita querela (Dk. 91) is an unauthorized second or successive § 2255 motion that is dismissed for lack of jurisdiction;

IT IS FURTHER ORDERED that the defendant's motion for appointment of counsel (Dk. 92) is denied.

Dated this 11th day of February, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge