IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                         No. 98-40097-01-SAC

SHAWN E. STEWART,

        Defendant.

MEMORANDUM AND ORDER

Upon the government filing its motion for an order authorizing payment from the defendant Shawn E. Stewart's inmate trust account (ECF# 103), the court entered a minute order saying it looked to appointed counsel to file a response to this motion (ECF# 104). On her own, the defendant's mother delivered to chambers copies of printouts and receipts for payments made toward the defendant Shawn Stewart's assessment and restitution. With the filing of the defendant's response (ECF# 111) and the government's reply (ECF# 112), the matter is ripe for ruling.

In August of 1999, the court sentenced the defendant Stewart to a 378-month term of imprisonment and three years of supervised release, and the court ordered him to pay an assessment of $800 along with restitution totaling $10,237.10. ECF# 62. Under the schedule of payments section of the judgment, it provides that the payment is due "in full immediately" and is to be made in "monthly installments as directed by the U.S. Probation Office." ECF# 62, p. 8. The judgment also states that, "All criminal monetary penalty payments, except those payments made through

1

the Bureau of Prisons' [BOP's] Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney." *Id.* The judgment further provides that, "it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments page of this judgment." ECF# 62, p. 4. The defendant remains incarcerated, and according to the government, "is currently scheduled to be released from federal custody on April 16, 2026." ECF# 103, ¶ 4.

The government's motion states that as of September 4, 2019, the defendant Stewart owed a balance of $6,416.91 in restitution. ECF# 103, ¶ 3. The government explains it recently learned the defendant Stewart's inmate trust account has substantial funds on deposit which are maintained under BOP's "possession, custody, or control" totaling approximately $6,110.32. *Id.* at ¶ 5. The government asks the court for an order authorizing the BOP to turnover this $6,110.32 to the Clerk of the Court as partial payment toward the defendant's outstanding criminal monetary penalties of $6,416.91. *Id.* and ECF# 112, ¶ 1. Citing the Mandatory Victims Restitution Act, ("MVRA"), 18 U.S.C. § 3663A, *et. seq.*, the government argues a defendant's resources, whatever their source, are subject to outstanding restitution obligations:

> (n) If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

2

18 U.S.C. § 3664(n). The government posits that its request for a court order is not subject to exhausting other collection remedies and that the deposited money is not subject to any recognized exemptions. Finally, the government points to the defendant's failure to give notice of a "material change" in his "economic circumstances" as required by 18 U.S.C. § 3664(k), which also provides in part: "Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require."

The defendant responds that "the source of the bulk of the money" in his inmate trust account "was an inheritance from his deceased father." ECF# 111, p. 2. The defendant concedes this qualifies as a "material change" in his circumstances under § 3664(k). The defendant also acknowledges the applicability of § 3664(n). The defendant, however, requests the court to "order the government to disclose what percentage of the $6,110.32 was derived from insurance proceeds" so that the court can apply § 3664(n) to the proceeds but exercise discretion as to any amounts from other sources. The defendant also asks the court to modify the judgment in this case by no longer delegating to the Probation Office control over the payment schedule and instead by ordering restitution payments of 5% of the defendant's gross household income upon release from incarceration.

In reply, the government says it is "unable" to determine the different sources for the $6,110.32 in the defendant's inmate trust account. ECF# 112, ¶ 3. And even if it could, the government contends such a determination is unnecessary for §

3

3664(n) applies to "substantial resources from any source" and the defendant's trust account is a substantial resource that should be turned over without regard for its source. The government agrees a modification of the judgment is necessary but proposes adding the following language which is now standard in current judgments: "a. Payment due immediately; b. Payment to begin immediately; and c. Payment of not less than 10% of the funds deposited each month into the inmate's trust fund account, and monthly installments of not less than 5% of the defendant's gross household income, to commence 30 days after release from imprisonment to a term of supervision." ECF# 112, ¶ 5.

The court finds that the $6,110.32 in the defendant's inmate trust account constitutes a substantial resource and that the defendant shall be required to apply it toward the balance of his restitution debt which is $6,416.91 as represented by the government and uncontested by the defendant. Being a substantial resource "from any source" under § 3664(n), the entire $6,110.32 will be applied, and the defendant's request for a percentage determination of life insurance proceeds is denied. The court finds no material prejudice to the defendant from denying this request, as he concedes "the bulk" of that account balance is from insurance proceeds. ECF# 111, p. 2.

As requested by the defendant, the court will modify the judgment to reflect the District's practice following the Tenth Circuit's decision in *United States v. Overholt*, 307 F.3d 1231, 1255-56 (10th Cir. 2002). The schedule of payments section of the judgment presently reads that payment is due "in full immediately" and that

4

payment is due "in monthly installments as directed by the U.S. Probation Office." These provisions are hereby amended to read as follows: "Payment of the total criminal monetary penalties is due immediately and to begin immediately. Payment of not less than 10% of the funds deposited each month into the inmate's trust fund account and monthly installments of not less than 5% of the defendant's gross household income over a period of three years, to commence 30 days after release from imprisonment to a term of supervision."

IT IS THEREFORE ORDERED that the government's motion for an order authorizing payment from the defendant Shawn E. Stewart's inmate trust account (ECF# 103) is granted and the BOP is hereby directed to turnover the funds in the amount of $6,110.32 in the defendant Shawn Stewart's inmate trust fund account to the Clerk, United States District Court, at 401 N. Market, Room 204, Wichita, Kansas, to be applied to the defendant's outstanding restitution obligation;

IT IS FURTHER ORDERED that the defendant Stewart's request for modification of the judgment (ECF# 111) regarding the schedule of payments (ECF# 62, at 8) is granted, and the judgment is hereby modified consistent with District practice, "Payment of the total criminal monetary penalties is due immediately and to begin immediately. Payment of not less than 10% of the funds deposited each month into the inmate's trust fund account and monthly installments of not less than 5% of the defendant's gross household income over a period of three years, to commence 30 days after release from imprisonment to a term of supervision." The defendant shall have ten days to file any objection to this amendment. If no objection

is filed, the amended terms will become effective.

Dated this 22nd day of November, 2019, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge