IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                              No. 98-40097-01-SAC

SHAWN E. STEWART,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the following motions: the defendant's motion for emergency hearing (ECF# 114), the defendant's emergency motion for hearing (ECF# 118), and the government's motion for order to refund monies to the defendant inmate's trust account (ECF# 123). As the government's response (ECF# 122) to the defendant's motions and its motion to refund (ECF# 123) essentially resolve the dispute over the monies and return them to the defendant, the court will be brief in addressing these matters.

In August of 1999, the court's sentence included an order for Stewart to pay an assessment of $800 along with restitution totaling $10,237.10. ECF# 62. Stewart remains incarcerated on this sentence, and according to the government, "is currently scheduled to be released from federal custody on April 16, 2026." ECF# 103, ¶ 4. In September of 2019, the government asked for an order authorizing payment from the defendant Shawn E. Stewart's inmate trust account. ECF# 103. The government stated that Stewart's inmate trust account had a balance of $6,110.32

1

and that he still owed a balance of $6,416.91 in restitution. *Id.* The court appointed counsel (ECF# 104) who filed a response (ECF# 11), and the court granted the government's motion after reading and considering all matters submitted (ECF# 113).

The defendant Stewart then filed his own pleadings accusing the United States Attorney's Office and his appointed counsel of fraud in attempting and combining to collect monies on a restitution obligation paid in full in September of 2012. ECF# 114 and 118. Against the government, Stewart alleges the ongoing collection is a fraud on the court because his mother asked and was told in September of 2012 what was the defendant's outstanding restitution obligation and she paid the full amount at that time. Against his counsel, Stewart alleges his counsel has failed to advocate the sufficiency of the 2012 payment and failed to describe the correct source of the monies found in his inmate trust account. The defendant asks for a hearing and for reimbursement of all monies wrongly taken from him. *Id.* By minute order, the court set deadlines for the government to file its response.

On January 23, 2020, the court received the government's response. ECF# 122. It first affirms as correct under the law and accurate on the facts all positions and arguments made in its prior motion for payment from Stewart's inmate trust account. But, the government concedes there are some unusual circumstances to this case that upon further reflection justify a change in the government's position. Those circumstances are that it has learned the clerk of the court made a mistake in representing the payoff amount to the defendant's mother in 2012 and the defendant Stewart did rely on the clerk's error by assuming his restitution obligations had been

2

satisfied for some time. After equitably weighing these circumstances, the government now asks the court to refund the $6,110.32 removed from the defendant Stewart's inmate trust account and to waive interest on the restitution judgment under the provisions of 18 U.S.C. § 3612(h). The government explains the result will be a return of the defendant's monies taken from his inmate trust account, the government's waiver of accrued interest, and a restitution judgment of payment in full. In rebuttal of the defendant Stewart's recent allegations, the government denies that it ever attempted to collect more than once on Stewart's restitution obligations. Instead, the government was only seeking to collect for interest accrued on the restitution judgment, and this additional interest was not included in the 2012 quoted payoff amount due to a mistake and, thus, it was never paid.

The defendant's motions proffer no evidentiary basis for believing the fraud allegations against the government have any merit or substance. The defendant's records show no more than his payment of the actual amount of the restitution judgment. There is nothing to prove that he also paid the accrued interest on that judgment. The defendant simply repeats his conclusion that the 2012 payment was in full so the government must be committing fraud. The government's filings fully explain the confusion and misunderstanding that has occurred because the 2012 quoted "payoff amount" did not include the accrued interest. The court finds the government's proposed resolution to be reasonable and consistent with the facts as known and shown on the records. The granting of the government's motion effectively moots the defendant's motions. Thus, the court shall grant the government's motion

to quiet this dispute by returning the defendant's monies, by accepting the government's waiver of the accrued interest due on the judgment pursuant to 18 U.S.C. § 3612(h), and by deeming the defendant's restitution judgment to be paid in full. The court has confirmed that the clerk of the court has not deposited the issuing agency's check of $6,110.32 for the monies seized from the defendant's inmate trust account. Thus, the court directs the clerk of the court to return this check to the issuing agency accompanied by this order and with instructions to refund these monies to the defendant's inmate trust account.

IT IS THEREFORE ORDERED that the defendant's motion for emergency hearing (ECF# 114), and the defendant's emergency motion for hearing (ECF# 118) are denied as lacking merit and otherwise moot;

IT IS FURTHER ORDERED that the government's motion for order to refund monies to the defendant inmate's trust account (ECF# 123) is granted, and the clerk of the court shall return to the issuing agency the check of $6,110.32 received and being held for the monies seized from the defendant's inmate trust account. A copy of this order shall accompany the check along with any necessary instructions for insuring that the return of this check will result in a refund of these monies to the defendant's inmate trust account;

IT IS FURTHER ORDERED that the court accepts the government's waiver of accrued interest pursuant to 18 U.S.C. § 3612(h) and that the court deems the defendant's restitution judgement to be paid in full.

Dated this 29th day of January, 2020, Topeka, Kansas.

                                                /s Sam A. Crow_____
                                                Sam A. Crow, U.S. District Senior Judge