IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                              No. 98-40097-01-SAC

SHAWN E. STEWART,

        Defendant.

MEMORANDUM AND ORDER

By order filed June 1, 2020, this court directed the defendant to show cause in a written filing by June 12, 2020, why the court should not summarily deny his pending 28 U.S.C. § 2255 motion (ECF# 98), because the legal arguments being advanced had been decided by controlling Tenth Circuit precedent. ECF# 132. This deadline expired without the defendant filing a written response. In its show cause order, the court explained that, "[i]f the defendant files no response by the deadline, the court will summarily deny his motion based on the Tenth Circuit precedent cited." ECF# 132, p. 3. Mr. Stewart did file a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF# 134. This ruling on Mr. Stewart's § 2255 motion following the show cause order will not prejudice his latest motion to grant compassionate release and reduce his sentence under § 3582(c)(1)(A)(i). The court reiterates this point already stated in its show cause order. ECF# 132, p. 3. This order now decides only Mr. Stewart's pending § 2255 motion and the show cause order.

As recounted in the order to show cause, Mr. Stewart's § 2255 motion

1

was filed back in June of 2016. (ECF# 98). He asked the court to vacate his sentence on the two 18 U.S.C. § 924(c) convictions arguing that his underlying offenses, Hobbs Act robberies, did not qualify as "crime(s) of violence;" that the residual clause was invalid after *Johnson v. United States*, 135 S. Ct. 2551 (2015); and that *Johnson* had retroactive effect on collateral review after *Welch v. United States*, 136 S. Ct. 1257 (2016). The district court granted Stewart's unopposed motion to stay adjudication of his § 2255 motion (ECF# 99) until the Tenth Circuit ruled upon his pending motion for certification to file a second or successive § 2255 motion. ECF# 100. The Tenth Circuit subsequently abated the defendant's request pending a ruling in other cases.

Almost three and one-half years later, Tenth Circuit lifted the abatement and certified Stewart's § 2255 motion challenging his § 924(c) conviction. The panel explained that the Supreme Court had invalidated the residual clause in § 924(c)(3) as unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319 (2019), and made that ruling retroactive to cases on collateral review. ECF# 121, p. 2. In receipt of that ruling, the district court lifted the stay and directed defense counsel "to inform the court by written filing as to the status of his representation and whether he will be pursuing the motion as having a meritorious basis for relief." ECF# 124. The district court inquired of counsel because of what was stated in the Tenth Circuit's order of certification:

> Movant's counsel has filed a concession that Movant's request to file a successive motion should be denied, but that concession is based on an assessment of the merits of the proposed § 2255 motion. We do not consider the merits of a second or successive motion in assessing whether it meets the statutory standard for authorization. It would therefore be inappropriate for

2

> this court to deny authorization based on Movant's concession.
> Accordingly, we grant Movant authorization to file a second or successive § 2255 motion in district court challenging his § 924(c) conviction and sentence under *Davis*. Movant may, of course, opt not to file the authorized § 2255 motion if he no longer believes that he has a meritorious basis for relief.

ECF# 121, p. 2. Counsel for Mr. Stewart filed a status report stating that Mr. Stewart wanted counsel to continue his representation and that counsel would soon be filing a motion for compassionate release. ECF# 131. Counsel also asked the court "to hold Mr. Stewart's 28 U.S.C. 2255 petition pending the resolution of his motion for compassionate release." ECF# 131.

The court, however, ordered the defendant to show cause in a written filing by June 12, 2020, why the court should not summarily deny his pending 28 U.S.C. § 2255 motion (ECF# 98), because the motion turns on legal arguments already decided by binding Tenth Circuit precedent, *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir.) (Hobbs Act robbery qualifies as a crime of violence under the elements clause), *cert. denied*, 139 S.Ct. 494 (2018). And though subsequently challenged before the Tenth Circuit, the *Melgar-Cabrera* decision remains controlling precedent in this Circuit. *United States v. Myers*, 786 Fed. Appx. 161, 162 (10th Cir. Nov. 27, 2019) ("*Melgar-Cabrera* is still binding precedent on this court . . . ."), *cert. denied*, 140 S. Ct. 1288 (2020); *United States v. Johnson*, 765 Fed. Appx. 415, 416 (10th Cir. Apr. 10, 2019) (*Melgar-Cabrera* holds "that Hobbs Act robbery categorically qualifies as a 'crime of violence' under § 924(c)(3)(A)'s elements clause because it includes the use or threatened use of violent force as an element of the crime.").

3

The court summarily denies the defendant's § 2255 motion based on the controlling Tenth Circuit precedent cited above. The defendant offers no arguments for questioning the precedential value and applicability of these Tenth Circuit decisions here. The court will not grant a certificate of appealability as reasonable jurists would not find this assessment of the defendant's constitutional claim to be debatable or wrong. *See United States v. Breshers*, 2017 WL 2378349 (D. Kan. Jun. 1, 2017), *cert. of appeal. denied*, 750 Fed. Appx. 768 (10th Cir. Feb. 4, 2019).

IT IS THEREFORE ORDERED that the defendant Stewart's pending 28 U.S.C. § 2255 motion (ECF# 98) is denied, and the court shall not grant a certificate of appealability.

Dated this 17th day of June, 2020, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge